IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| TEXARKANA, ARKANSAS SCHOOL DISTRICT | PLAINTIFF |
| v.   Case No. 4:15-cv-04101 | |
| T.R., by and through his parents, K.R. and R.R. | DEFENDANT |
| KIMBERLY RANDLES AND REGINALD RANDLES, Individually, and as Next Friends of T. | THIRD PARTY PLAINTIFFS |
| v. | |
| TEXARKANA SCHOOL DISTRICT; BECKY KESLER, Superintendent of Schools, Individually; and SHERRY YOUNG, Director of Special Education, Individually | THIRD PARTY DEFENDANTS |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Motion to Remand (ECF No. 9). Defendant has responded. (ECF No. 14). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiff's Motion to Remand (ECF No. 9) be **DENIED.**

**1.   Background**

Plaintiff brought suit against Defendant on September 30, 2015 in the Circuit Court of Miller County, Arkansas. ECF No. 3. Plaintiff is appealing an Agency decision made in favor of the Parents of T.R. under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEA"), Public Law 108-446, and against the Plaintiff.

On October 7, 2015, Defendant filed a Notice of Removal with this Court and removed Plaintiff's action to the United States District Court for the Western District of Arkansas, Texarkana Division. ECF No. 1. On October 26, 2015, Plaintiff filed a Motion to Remand. ECF No. 9. With this Motion, Plaintiff claims remand to the Circuit Court of Miller County, Arkansas is appropriate because procedural requirements for removal were not satisfied. *Id.*

On November 10, 2015, Defendant responded to Plaintiff's Motion to Remand. ECF No. 14, 15. Defendant argues this case should not be remanded because this Court has original subject matter jurisdiction over this case because it involves a federal question.

**2.      Applicable Law**

The procedure to remove a civil action from a state court to a federal court is governed by 28 U.S.C. § 1441. Under this statute, only civil actions "which the district courts of the United States have original jurisdiction" may be removed. *Id.* § 1441(a).

**3.      Discussion**

Plaintiff argues they properly filed the Complaint in state court pursuant to the IDEA and applicable Arkansas law. According to Plaintiff, the IDEA provides that any "party aggrieved" by the findings and decision of a final administrative decision in a due process hearing may bring a civil action in any appropriate state court or federal district court, regardless of the amount in controversy. *See* 20 U.S.C. § 1415(i)(2); 34 C.F.R. § 300.516(a); and Ark. Code Ann. § 6-41-216(g).

Removal is proper where a complaint raises a claim that is within the jurisdiction of the federal courts. 28 U.S.C. § 1441(a). The IDEA is a federal statute. The IDEA creates concurrent federal and state jurisdiction by providing that any party aggrieved by an administrative decision "shall have the right to bring a civil action ... in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. §

1415(i)(2)(A). Therefore, appeals from IDEA administrative decisions properly present federal questions giving rise to federal subject matter jurisdiction. *See Maroni v. Pemi–Baker Regional School Dist.*, 346 F.3d 247, 258 (1st Cir.2003) (declaring federal court would have original jurisdiction over IDEA claims); *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 680 (6th Cir.2001) ("Any claim arising under the IDEA is therefore subject to the jurisdiction of the district court" under § 1331, notwithstanding fact that the IDEA gives plaintiff choice of filing in state or federal court).

This Court finds this action is one over which it has original jurisdiction, pursuant to 28 U.S.C. § 1331. Accordingly, removal to this Court was proper.[1]

4. <u>Conclusion</u>

Based upon the foregoing, the Court recommends Plaintiff's Motion to Remand (ECF No. 9) be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 2nd day of December 2015.**

　　　　　　　　　　　　　　　　　　　　/s/　Barry A. Bryant　　　　　
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[1] I note Plaintiff's sole argument for remand is the fact it elected to file the original Complaint in state court as provided by the statute. If this was the standard for remand to state court, removal would never be appropriate in any case.